## COMMONWEALTH *vs.* PETER E. DUNBAR.

The court of common pleas had authority to appoint a special commissioner to take the recognizance in vacation of a man convicted upon an indictment and committed to prison under an order to recognize with sureties to prosecute exceptions in this court.

The authority of the commissioner to take a recognizance is sufficiently alleged therein by a recital that it was taken before "J. S., special commissioner appointed for that purpose by the justices of the court of common pleas," and that the principal had been convicted upon an indictment, and had excepted to the rulings of the court, and a condition that he should prosecute his exceptions in this court, and abide the order of the court thereon; and in a writ of *scire facias* thereon by the recital that the recognizance was taken "before J. S., a commissioner specially appointed for that purpose."

In *scire facias* upon a recognizance, an allegation that the recognizance "was duly certified and returned to the supreme judicial court, as by record thereof appears," is a sufficient allegation that it was made of record in this court.

SCIRE FACIAS, stating that on the 17th of October 1857 "personally appeared before John S. Brayton, a commissioner specially appointed for that purpose, Oscar M. Brooks and Peter E. Dunbar," and entered into a recognizance that Brooks should enter and prosecute in this court exceptions to the rulings of the

court of common pleas on an indictment upon which he had been tried and found guilty, and abide the order and sentence of the court thereon, "which said recognizance was duly certified and returned to the said supreme judicial court, as by the record thereof appears;" that the exceptions were overruled by this court, and the case remitted to the court of common pleas for sentence; and that the defendant was defaulted in that court.

At the trial in the superior court in Bristol at December term 1859, the recognizance produced purported to be taken before " John S. Brayton, a commissioner specially appointed for that purpose by the justices of the court of common pleas;" and corresponded in other respects with the allegations in the writ of *scire facias.*

The defendant objected that no sufficient authority or cause of taking was set forth in the recognizance or the writ, that gave the commissioner the right to take the recognizance, and that there was no sufficient allegation that the recognizance was ever made of record in this court. But *Russell,* J. overruled both objections, the jury returned a verdict for the Commonwealth, and the defendant alleged exceptions.

*E. L. Barney,* for the defendant, cited Rev. Sts. *c.* 135, §§ 23, 30; *St.* 1845, *c.* 166, § 1; *Commonwealth* v. *Daggett,* 16 Mass. 447; *Bridge* v. *Ford,* 4 Mass. 641; *Libby* v. *Main,* 2 Fairf. 344; *Green* v. *Haskell,* 24 Maine, 180; *Commonwealth* v. *Downey,* 9 Mass. 520.

*S. H. Phillips,* (Attorney General,) for the Commonwealth.

DEWEY, J. 1. As to the first objection urged by the defendant, that " there was no authority or cause of taking set forth in the recognizance or the writ, that gave the commissioner right to take the recognizance," it is directly averred in the recognizance that John S. Brayton was " a commissioner specially appointed for that purpose by the justices of the court of common pleas," and in the writ it is stated that he was " specially appointed for that purpose." The recognizance further shows the occasion on which the same was taken to have been that the party was under an indictment, upon which a verdict had been returned against him and the case was pending upon his bill of excep-

tions. We understand that the party was in confinement under an order to recognize with sureties, and sought to be discharged therefrom on his recognizance.

The *St.* of 1845, *c.* 166, recognizes such commissioner as one that may be appointed by the court for the purpose of taking the recognizances of persons under indictments. The *St.* of 1851, *c.* 92, also provides that persons imprisoned for not finding sufficient sureties to recognize with them, under an order of court to that effect, may be admitted to bail by any standing or special commissioner of this court, or of the court of common pleas, appointed for such purpose. Although these statutes do not state the precise case of a recognizance of a party found guilty on an indictment, and desirous to recognize to prosecute a bill of exceptions, yet we think that power may be properly exercised by a commissioner appointed by the court to act in that behalf during the vacation.

2. The writ sufficiently sets forth that the recognizance was made of record in this court, by alleging that the recognizance " was duly certified and returned to the said supreme judicia. court, as by the record thereof appears."

*Exceptions overruled.*